IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
MARYLAND,
GREENBELT, MARYLAND 20770

Jimmy Lance )
1311 Shepherd St. NE )
Washington, DC. 20017 )
)
      Plaintiff, pro se )
)
) Case No. PWG 16 CV 3459
)
Mega Bus )
2320 Beaver Road )
Hyattsville, MD. 20785 )
)
      Defendant. )

## Complaint

The plaintiff, **Jimmy Lance**, pro se pursuant to Title VII of the Civil Right Act of
1964, Sec. 2000e, et seq, 42 U.S.C..  This Court has jurisdiction over the employment
discrimination claims pursuant to Enforcement Provisions Sec 2000e - 5, 42 U.S.C, and
Sec 1331, 28 U.S.C..  See also, Intentional Race and Color Discrimination under Title
VII, 42 U.S.C., Sec 2000e - 2(m) (1994). *See Cowan V. Glenbrook, Sec Juries, 123 F
3d 438, 442 (7th Cir 1997).*  Pursuant to Fed. R. Civ. P. 5(a) for Proof of Service and 28
U.S.C. Sec 1915 for subpoena.

The plaintiff, **Jimmy Lance**, pro se complaint allege facts in support of a critical
element of claims for negligence. The Plaintiff's element of claims are as following:

**(1) A "Disparate Treatment" claim.  (2)  A "Disparate (Adverse) Impact" claim.
(3) A "Retaliation" claim.**  The Plaintiff's complaint in this action allege that the
Defendant's conduct cause of action is liable for these claims.  Therefore, the Plaintiff ask
the court to move on this complaint and granted relief on which can be granted.

1

## ALLEGATION

1.     On Thursday, October 22, 2015, I had an interview and test. During this visit, Mr. Carl Nelson, supervisor, was in another room next door, I heard the two level of supervisors discussing race relative words. This was my first time seeing this supervisors who could have been from another regions employee with Mega Bus. See Attached.

2.     On Sunday, November 15, 2015, I had money to give to Veronica Harris, a rehired with Mega bus. At the counter of the Hotel, Veronica Harris mentions my complexion of trying to get light skin. See Attached.

3.     On Tuesday, November 17, 2015, Veronica Harris made a genitive statement during a meet with all student toward me personally. Ms. Joel, instructor, back her words up by saying, "NO!, she is talking about him. He is the one that is gay." See attached.

4.     On Thursday, November 19, 2015, Veronica Harris was giving her view on a topic when she describes Mega bus back in the days did not hired black people. She compare Ms. Joel to an instructor when she first started with Mega bus as being beautiful and light skin. Now, we have this black teacher. See Attached.

5.     On Wednesday, November 2, 2015, Mr. Swinger and Ms. Joel was discussing my skills, ways, and behavior. They were on the side of the bus with both doors on the bus open. I was sitting next to the center door, while the wind pass through the bus. So, I was able to heard their conversation. Ms. Joel deliberately told Mr. Swinger that she was going to get me fired, and if, Mr. Nelson don't fired him. When he returned back, she will make sure I don't pass the final road test. See Attached.

Later that even, Mr. Swinger did not want to give me the next day off. The drivers on the bus mention they had days off from returning home, so why can't he have his day off. Mr. Swinger replies, "because we don't want him to have a day off, we are trying to keep him working." See attached.

6.    On Friday, November 4, 2015, I met with Mr. Nelson. During this meeting, we discussed why I was late yesterday. What happen during training, and why I was late for class. The reasons why he is laiding me off. And then, I can go get black or dark, as much as, I want...   See Attached.

Because of Defendant's negligence, the Plaintiff's ask the court to demands judgment against Defendant and for such other relief as this court may deem just and proper.

## LEGAL ASPECT AND CIRCUMSTANTIAL EVIDENCE

As a consequence of the Defendants' negligence and the aforesaid claims, these legal standard and evidence can prove that some part of these claims are true, and should be held as a count for relief as this court may deem just and proper.

SECTION 15: **RACE & COLOR DISCRIMINATION**

Notice Concerning the Supreme Court's Decision in *Vance v. Ball State University, 133 S. Ct. 2434 (2013)*

The standard for employer liability for hostile work environment harassment depends typically on whether or not the harasser is the victim's supervisor. An employer is vicariously liable for a hostile work environment created by a supervisor. In *Vance v. Ball State University, 133 S. Ct. 2434 (2013), the Supreme Court* rejected in part the EEOC's definition of "supervisor." The Court held that an employee is a "supervisor" if the employer has empowered that employee "to take tangible employment actions against the victim, i.e., to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" The Court stated that an employer is liable for hostile work environment harassment by employees who are not supervisors if the employer was "negligent in failing to

3

prevent harassment from taking place." In assessing such negligence, the Court explained, "the nature and degree of authority wielded by the harasser is an important factor to be considered in determining whether the employer was negligent." Also relevant is "[e]vidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed."

Mr. Nelson may or may not have known of the incidents taken place at the Academy.

However, the school in general knew what had taken place and fail to react on the issues.

Mr. Nelson also, failed to inform the Headquarter office, by way of, the President and

Director of School on the initial EEOC charge.

**Title VII's** employment protections cover the following types of conduct under **42 U.S.C. § 2000e-2:**
1. For an employer, it is unlawful to discriminate based on a protected class in matters involving:
    **a) hiring;  b) discharge;  c) compensation; and  d) terms, conditions, and privileges of employment.**
It is also unlawful for the employer to "limit, segregate, or classify his [her] employees or applicants in any way which would deprive or tend to deprive any individual of opportunities or which would otherwise affect his [her] status as an employee" because of membership in a protected class.

**Disparate treatment** is the different (and typically less favorable) treatment of an individual because of his/her protected class. **Teamsters v. U.S., 431 U.S. 324, 335 n.1 (citation omitted) (1977).** The key issue is whether the employer's actions were motivated by discrimination. The plaintiff employee may prove the employer's discriminatory intent by direct evidence or by circumstantial evidence.

**Circumstantial evidence** is evidence that, although not direct, would permit the factfinder to "infer" that discrimination has occurred. An example of circumstantial evidence would be proof that qualified African Americans have applied, but that no qualified African Americans have been hired.

Mr. Nelson lay off all the drivers that was in training before me that same week and all

the drivers were African Americans.

**For disparate impact**, the employee need not show discriminatory intent. *Griggs v. Duke Power Co., 401 U.S. 424, 430-32 (1971).*
As a result of the **Civil Rights Act of 1991's amendment to Title VII**, an employee seeking to prove disparate impact must articulate a prima facie case of disparate impact by showing that the challenged practices have a disproportionate impact on a protected group. If the employee makes this showing, the burden of

4

persuasion shifts to the employer to show that the challenged practices are "job related for the position in question and consistent with business necessity." **42 U.S.C. § 2000e- 2k(1)(A).**

For this instance, Mega Bus employees as a whole have demonstrated some forms of racial discrimination toward me from the beginning of hire, at school, and up to termination.

### Retaliation claim under Title VII

**Section 704(a) of Title VII, 42 U.S.C. Sec 2000e -3** protects an employee or applicant for employment (and in some circuits a former employee) from adverse action. Likewise, most federal employment and discrimination statutes similarly include a prohibition on retaliation. Retaliation claims generally are analyzed the same, regardless of the authority under which filed, for the following reasons: Employees are protected from retaliation on both the bases of participation and opposition:

### 1. Participation:

Where an employee has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under the relevant statute. Court's broadly construe the participation clauses and extend derivative protection where an employer mistakenly believes an employee has engaged in protected conduct and where an employee is related to or allied with someone who engaged in protected activity.

Ms. Joel and Mr. Swinger played a role in retaliating against me, because Ms. Joel called Mr. Nelson to tell lies about me on my attendant. Mr. Swinger did not want me to take days off to get blood pressure pills.

WHEREFORE, the Plaintiff's request that the court grant this complaint and that judgment be entered for Defendants for relief that whatever this court deem just and proper.

**Title VII** remedies include back pay, attorney fees, interest, and equitable relief. **42 U.S.C. § 2000e-5(g)(k).** Where an employee shows **intentional discrimination (i.e., disparate treatment),** the employee can recover **compensatory and punitive damages** up to a specified, capped amount. **42 U.S.C. § 1981a.** Punitive damages require **"malice" or "reckless** indifference to the federally protected rights" of the employee. Id. The Supreme Court has held that such punitive damages may only be awarded where there is conscious wrongdoing. ***Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 537 (1999).*** **Compensatory damages** include **"future pecuniary losses [i.e., front pay], emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a.** The damages cap on the sum of compensatory and punitive damages ranges from $50,000 to $300,000 based on the size of the company.

WHEREFORE, Plaintiff's prays for relief that this Honorable Court will enter a Judgment in favor of Plaintiff's declaring that the Defendants violated Title VII on the basis of race or color, and claims the following: **(1) A "Disparate Treatment" claim. (2) A "Disparate (Adverse) Impact" claim. (3) A "Retaliation" claim.** The Plaintiff's request a judgment in favor of Plaintiff's for **(a) compensatory and consequential damages** in the amount of 20,000., and a judgment in favor of Plaintiff's for **(b) punitive and reasonable accommodation damages** in the amount of 20,000., and a judgment in favor of Plaintiff's for (c) **exemplary damages** in the amount of 10,000. The total damages amount of money is 50,000.

Dated this ____17____ day of October, 2016

_____
Signature

Jimmy Lance, pro se
1311 Shepherd St. NE
Washington, DC  20017

6