**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| JIMMY LANCE, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-16-3459 |
| MEGABUS NORTHEAST, LLC,[1] | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Jimmy Lance, who is proceeding *pro se*, filed this action against Defendant Megabus Northeast, LLC ("Megabus") on October 17, 2016, alleging racial discrimination and retaliation. Compl., ECF No. 1. But, since then, he has done little to prosecute his case. Moreover, he had repeatedly failed to follow Court orders or the Federal Rules of Civil Procedure or to respond to discovery requests. Accordingly, I will grant Megabus's Motion for Sanctions, ECF No. 21, and dismiss this case.

**BACKGROUND**

This Court's Discovery Order required Plaintiff to "provide to the Court [and the Defendant] information . . . regarding calculation of damages" and a "particularized statement regarding any non-monetary relief sought" by February 28, 2017. ECF No. 11; *see also* Fed. R. Civ. P. 26(a)(1)(iii) (requiring damages disclosure). Similarly, the Scheduling Order set a damages disclosure deadline of February 28, 2017. ECF No. 10. I held a Rule 16 scheduling

---

[1] The Clerk shall update the docket to reflect the proper spelling of Defendant's name. *See* Ans., ECF No. 6.

conference call on March 7, 2017 and reviewed both of these orders. ECF No. 12. Plaintiff participated in that call, yet did not file a calculation of damages as ordered.

On March 24, 2017, Megabus sent a letter to Plaintiff requesting that he file the required information by April 5, 2017. Mar. 24, 2017 Ltr. to Pl., ECF No. 21-2. Again, Plaintiff failed to do so. Megabus also propounded Interrogatories and Requests for Production of Documents on Plaintiff on March 24, 2017. Notice of Service of Discovery, ECF No. 21-3. The responses to the Interrogatories and Requests were due on April 23, 2017, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and Plaintiff failed to respond. May 9, 2017 Ltr. to Pl., ECF No. 21-4.

In response to Defendant's May 9, 2017 letter informing Plaintiff that his responses were overdue, Plaintiff emailed Defense counsel on May 21, 2017 that he did not "remember the judge asking [him] to [be] interrogated, nor request of Producing documents," and that his "understand[ing] was that [the parties] should be coming to an agreement on the settlement of this case." Emails, ECF No. 21-5. Defense counsel responded that, although Megabus was willing to discuss settlement, Lance still needed to respond to the discovery requests. *Id.* On May 23, 2017, Lance emailed that he would "be looking into the responded to [sic] the discovery requests and producing requested documents." *Id.* Megabus informed Lance that, if it did not receive his discovery responses by June 9, 2017, it would file a motion to compel and/or for sanctions. *Id.*

On June 7, 2017, Defendant followed the procedure set out in the Court's Letter Order dated October 21, 2016, ECF No. 3, and requested a pre-motion conference in an attempt to resolve the discovery dispute, i.e., Lance's utter failure to provide any discovery responses or damages disclosure. ECF No. 17. I held a pre-motion conference call on June 30, 2017, which I memorialized in a Letter Order on July 6, 2017, stating that Plaintiff "must file his damages

calculations by July 14, 2017 and respond to Defendant's discovery requests," and cautioning Lance that failure to do so could subject him to sanctions, including dismissal of his action. ECF No. 20. Lance stated that he understood what was expected of him. I also ordered Defendant to resend its Rule 33 and Rule 34 discovery requests, which Defendant did on June 30, 2017. Email, ECF No. 21-6. Plaintiff still did not provide his damages disclosure or respond to Megabus's discovery requests.

Megabus filed a Motion for Sanctions, seeking dismissal of this action based on Lance's persistent failure to comply with this Court's orders or participate in discovery. On July 14, 2017, he attempted to file a Response to Request for Production of Documents with the Court, ECF No. 23-1, but it was returned to him because discovery materials are not to be filed with the Court. Plaintiff has not opposed Defendant's motion, and the time for doing so has passed. *See* Loc. R. 105.2(a).[2] Nor has he demonstrated to the Court that he has provided complete and unevasive responses to Megabus's discovery requests, as Federal Rules of Civil Procedure 33, 34, and 37(a)(4) and my July 6, 2017 Letter Order require. And, to date, he has not filed a calculation of damages.

**DISCUSSION**

District courts have the authority to dismiss cases under Fed. R. Civ. P. 37(b)(2)(A) when a party fails to comply with a discovery order, as well as under Fed. R. Civ. P. 37(d) and 41(b) as part of the courts' "comprehensive arsenal of Federal Rules and statutes to protect themselves from abuse." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 62 (1991). Rule 37(b) provides that the Court may "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Likewise, Rule 37(d)

---

[2] A hearing is not necessary. *See* Loc. R. 105.6.

provides that the Court may order sanctions, including dismissal, if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Further, Fed. R. Civ. P. 41(b) provides that the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order."

However, "[d]ismissal with prejudice is ordinarily reserved for the most egregious cases." *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (citing *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978), in which the Court stated that dismissal with prejudice under Rule 41(b) was only for "clear record of delay or contumacious conduct by the plaintiff"). Indeed, "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, [should] result in the extreme sanction of dismissal or judgment by default." *Mut. Fed. Sav & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). To that end, before ordering dismissal under Rule 37(b) or (d), the Court applies a four-factor test: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective." *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *2 (D. Md. Apr. 25, 2011) (quoting *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)); *see Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 92.

Prior to dismissal under Rule 41(b), the Court must consider four similar factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice cased the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the

4

effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Review*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he Court will combine the two tests in determining if dismissal is appropriate under Rules 37(d) and 41(b)" because the legal standards for dismissal under both rules are "'virtually the same.'" *Taylor v. Fresh Fields Markets, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 1996) (quoting *Carter v. Univ. of W. Va. Sys.*, 23 F.3d 400, 1994 WL 192031, at *2 (4th Cir. 1994)); *see, e.g.*, *Tabor v. E.J. Patterson, Inc.*, No. Civ. A. 98-2438, 1999 WL 52144 (E.D. La. Jan. 28, 1999) (analyzing facts under Fed. R. Civ. P. Rules 37(d) and 41(b) together and dismissing without prejudice *pro se* plaintiff's claims where plaintiff twice failed to appear for his scheduled deposition). The Court also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions. *See Green v. Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998) (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler*, 178 F.R.D. at 59-60 (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").

Here, with regard to the first factor under both tests, the plaintiff's bad faith or personal responsibility, Lance failed to respond to Defendant's discovery requests or to justify his failure to respond, even after the Court ordered him to respond by a set date after he missed the deadlines established by this Court's orders and the Federal Rules of Civil Procedure. July 6, 2017 Order 1, ECF No. 20. "Failure to respond to interrogatories can merit dismissal or default." *Green*, 188 F.R.D. at 424 (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), and *Daye v. Gen. Motors Corp.*, 172 F.R.D. 173, 179 (M.D.N.C. 1997)). Moreover, noncompliance with discovery orders supports a finding of bad faith. *Id.* In *Green*, the plaintiff

demonstrated bad faith when she failed to comply with a magistrate judge's "order directing her to respond to [the defendant's] interrogatories and requests for documents." *Id.* Similarly, Mr. Lance has demonstrated his bad faith by failing to comply with the July 6, 2017 Order, and more broadly by essentially abandoning his claim in this Court, not only by refusing to provide requested and ordered discovery, but also providing no indication that he is prosecuting his own claim. Plaintiff's conduct in this case demonstrates a "pattern of indifference and disrespect to the authority of the court," *Mut. Fed. Sav & Loan Ass'n*, 872 F.2d at 93, and supports the conclusion that Plaintiff acted in bad faith.

As noted, the second factor is the prejudice caused Defendant, for which I must consider whether the evidence withheld is material. *Id.* Considering that "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," *Middlebrooks v. Sebelius*, Civ. No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009), Defendant has suffered significant prejudice as a result of Plaintiff's continued refusal to respond to requested and ordered discovery. The evidence sought by Defendant's initial discovery request goes to the heart of Plaintiff's claim and it cannot be disputed that Plaintiff's failure to answer even a single interrogatory precludes Defendant from preparing a defense. *See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). Moreover, the purpose of the damages calculation is to allow the defendant to pursue discovery that is proportionate to the amount at issue in the case. Fed. R. Civ. P. 26(b)(1). Also, Plaintiff's noncompliance over the past six months required Defendant to file both a pre-motion conference request and a formal motion for sanctions. Thus, Defendant suffered additional prejudice in the form of added expenses and delay.

With regard to the third factor—Plaintiff's history of being dilatory and noncompliant and the need to deter such behavior—Plaintiff has yet to comply with the rules of procedure or Court orders regarding discovery in this case and has not indicated a likelihood of responding to future discovery requests. Conduct such as "stalling and ignoring direct orders of the court . . . must obviously be deterred." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Deterring egregious acts of noncompliance should prevent future litigants from "flout[ing] other discovery orders of other District Courts." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Plaintiff's failure to respond to Defendant's discovery requests combined with his willful disregard of multiple Court orders undermines this Court's ability to manage this case effectively and fairly.

As for the last factor, the effectiveness of lesser sanctions than dismissal, Plaintiff's unresponsiveness thus far despite Defendant's good faith efforts and the Court's intervention in the discovery process indicates that lesser sanctions than dismissal will not be effective. *See Anderson*, 155 F.3d at 505; *Middlebrooks*, 2009 WL 2514111, at *3.

In sum, Plaintiff has exhibited contumacious behavior toward the Defendant and the Court, warranting dismissal. *See* Fed. R. Civ. P. 37(b), 37(d) & 41(b). Further, this Court warned Plaintiff explicitly on the June 30, 2017 conference call and again in its July 6, 2017 Order that dismissal was a possible sanction for his actions or, more accurately, inaction. *See Green*, 188 F.R.D. at 424; *Sadler*, 178 F.R.D. at 60. Therefore, dismissal of Plaintiff's case with prejudice is appropriate.

## ATTORNEY'S FEES

If a party fails to comply with a court order, Fed. R. Civ. P. 37(b)(2)(C) provides that, instead of or in addition to taking action such as dismissing the case, "the court must order the

disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." However, Rule 37 provides for two exceptions where an award of fees is not mandatory: (1) if "the failure was substantially justified" or (2) if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Given that Lance filed a Motion for Leave to Proceed *in Forma Pauperis*, which I granted, ECF Nos. 2, 4, it would not be just to impose expenses on him. Therefore, I will not order Lance to pay Megabus's reasonable expenses caused by his failure to comply with Court orders. *See* Fed. R. Civ. P. 37(b)(2)(C).

## CONCLUSION

Megabus's Motion for Sanctions IS GRANTED, and the Court hereby DISMISSES, with prejudice, all of Plaintiff's claims against Defendant.

A separate order follows.


Dated: August 14, 2017 /S/
Paul W. Grimm
United States District Judge